Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL (X)

| AMERICAN PETROLEUM CO., INC.  Apelado  v.  DAVID ALEJANDRO HERNÁNDEZ RODRÍGUEZ POR SI Y EN REPRESENTACIÓN DE LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA CON SUTANA DE TAL Y OTROS  Apelante | KLAN202500521 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Toa Alta  Caso núm.: BY2024CV05526  Sobre: Accidente de Tránsito (Daños y Perjuicios) |
|---|---|---|

Panel integrado por su presidenta la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 7 de agosto de 2025.

Comparece ante este tribunal apelativo, el Sr. David Alejandro Hernández Rodríguez, la Sra. Rosa Santiago Chico y la Sociedad de Bienes Gananciales, compuesta por ambos (en conjunto, los apelantes) mediante el recurso de apelación de epígrafe, y nos solicitan que revoquemos la *Sentencia* dictada por el Tribunal de Primera Instancia, Sala Superior de Toa Alta (TPI), el 7 de mayo de 2025, archivada y notificada en autos el día siguiente. Mediante dicho dictamen, el foro primario declaró *Ha Lugar* a la *Moción en Solicitud para que se Dicte Sentencia Sumaria* presentada por American Petroleum Co., Inc. (American Petroleum o la parte apelada).

Por las razones que expondremos a continuación, determinamos confirmar el dictamen apelado.

**I.**

El 18 de septiembre de 2024, American Petroleum instó una demanda sobre daños y perjuicios en contra de los apelantes, y otros codemandados. En esencia, alegó que el 1 de marzo de 2024, el Sr. David Alejandro Hernández Rodríguez (señor Hernández Rodríguez), luego de haber echado diésel a la grúa de arrastre de plataforma, inició la marcha, y de manera negligente y descuidada, con el automóvil que arrastraba con el vehículo pesado, impactó la bomba de expendio de diésel arrancándola y destruyéndola la que resultó inservible. Indicó que, esto ocurrió en la estación de gasolina ubicada en el Barrio Campanillas del pueblo de Toa Baja. Por lo que, solicitó el resarcimiento de los daños ascendentes a $13,925, que incluye el costo de la bomba y la instalación de un equipo sustituto; así como los materiales y la mano de obra.

Luego de varios trámites judiciales, los apelantes contestaron la demanda en la que aceptaron varias alegaciones y negaron otras. El 5 de febrero de 2025, American Petroleum instó ante el TPI una *Moción al Expediente Judicial Informando Primer Pliego de Interrogatorios y Producción de Documentos y Requerimiento de Admisiones*. Ante la falta respuesta de los apelantes, el 26 de febrero siguiente, la parte apelada presentó una *Moción en Solicitud para que se den por Admitidos Requerimiento de Admisiones* en la que señaló que, al haber transcurrido el término para contestar el petitorio, procede en derecho que se den por aceptadas todas las cuestiones sobre las que se solicitó a los apelantes admitir su veracidad.

El 27 de febrero de 2025, el foro apelado emitió y notificó una *Orden* en la que decretó "Se dan por admitidos".[1] El 19 de marzo de 2025, los apelantes instaron una *Moción Informativa* expresando que

---

[1] Véase, el Apéndice del *Alegato en Oposición a Apelación*, a la pág. 58.

estaban enviando la contestación al interrogatorio y que remitieron un Primer Pliego de Interrogatorio, más un Requerimiento de Admisiones. Del expediente surge que American Petroleum contestó este último.

El 21 de abril de 2025, la parte apelada presentó una *Moción en Solicitud para que se Dicte Sentencia Sumaria* en la que propuso dieciséis (16) hechos, que no están en controversia, que surgen del Requerimiento de Admisiones no contestado y admitido por el TPI.[2] Conforme a estos y a los hechos bien alegados en la demanda no negados por los apelantes, entiende que el caso puede resolverse por la vía sumaria. Incluyó como anejos los siguientes documentos: Informe de Choque de Tránsito (PPR-621.4); Permiso para Vehículos de Motor o Arrastres a nombre de David Alejandro Hernández Rodríguez expedido por el Departamento de Transportación y Obras Públicas; fotografías de la bomba impactada; Hoja de Incidente; Carta de Triple-S Propiedad del 11 de marzo de 2024; Cotización reemplazo de *dispenser* emitida por C&C Construction and Maintenance por $10,925; factura expedida por Rafael Rivera Technical Services por $3,000; y Declaración Jurada suscrita por el Sr. Mario Gómez Morales.

Los apelantes instaron la correspondiente oposición al referido petitorio desestimatorio sumario en donde esbozaron cuatro (4) asuntos y cinco (5) hechos en controversia, y tres (3) hechos incontrovertidos.[3] Estos anejaron al escrito una Declaración Jurada suscrita por el señor Hernández Rodríguez.

Así las cosas, el 7 de mayo de 2025, archivada y notificada en autos el día siguiente, el foro primario emitió la *Sentencia* apelada en la que declaró *Ha Lugar* a la *Moción en Solicitud para que se Dicte Sentencia Sumaria* presentada por American Petroleum. El foro *a*

---

[2] *Íd.*, a las págs. 17-18.
[3] Véase, el Apéndice del Recurso, a las págs. 042-045.

*quo* esbozó doce (12) determinaciones de hechos incontrovertidos los que le permiten resolver el caso sumariamente.[4] En su consecuencia, ordenó a los apelados el pago de los $13,925 reclamados en daños que incluye el costo de la bomba del expendio de combustible, instalación de una sustituta, los materiales y la mano de obra. Asimismo, los condenó al pago de $1,200 por honorarios de abogado.

En desacuerdo con la determinación, los apelantes acuden ante este foro apelativo, mediante el recurso de apelación de epígrafe, imputándole al foro de primera instancia haber incurrido en los siguientes errores:

> ERRÓ EL HONORABLE TRIBUNAL DE INSTANCIA AL DECLARAR HA LUGAR LA MOCIÓN DE SENTENCIA SUMARIA CUANDO LA PARTE DEMANDANTE NO CUMPLIÓ CON LOS REQUISITOS QUE ESTABLECE LA REGLA 34.3(a)(4) DE PROCEDIMIENTO CIVIL SOBRE LA MOCIÓN DE SENTENCIA SUMARIA, POR LO QUE EL TRIBUNAL DE INSTANCIA NO PODÍA TOMAR COMO INCONTROVERTIDO[S] HECHOS NO ENUMERADOS EN LA MOCIÓN DE SENTENCIA SUMARIA.

> ERRÓ EL HONORABLE TRIBUNAL DE INSTANCIA AL DECLARAR CON LUGAR UNA MOCIÓN DE SENTENCIA SUMARIA EN LA CUAL EXISTÍAN CONTROVERSIAS DE HECHOS QUE GIRABAN EN TORNO A DAÑOS Y ELEMENTOS SUBJETIVOS DE INTENCIÓN QUE IMPEDÍAN, SEGÚN NUESTRO ORDENAMIENTO QUE SE DICTARA UNA SENTENCIA SUMARIA.

> ERRÓ EL HONORABLE TRIBUNAL DE INSTANCIA AL DETERMINAR LA EXISTENCIA DE CONTROVERSIAS DE HECHOS, BASADAS EN MERAS ALEGACIONES DE LA PARTE DEMANDANTE.

El 16 de junio de 2025, emitimos una *Resolución* concediendo a la parte apelada el término de treinta (30) días para expresarse. El 7 de julio siguiente se cumplió con lo ordenado, por lo que nos damos por cumplidos; y a su vez, decretamos perfeccionado el recurso.

Analizados los escritos de las partes y el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

---

[4] *Íd.*, a las págs. 054-055.

**II.**

**Mecanismo de Sentencia Sumaria**

En nuestro ordenamiento jurídico, el mecanismo de la sentencia sumaria está gobernado por la Regla 36 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 36, la cual autoriza a los tribunales a dictar sentencia de forma sumaria si, mediante declaraciones juradas u otro tipo de prueba, se demuestra la inexistencia de una controversia sustancial de hechos esenciales y pertinentes. *Soto y otros v. Sky Caterers*, 2025 TSPR 3, 215 DPR ___ (2025); *Cruz, López v. Casa Bella y otros*, 213 DPR 980, 993 (2024) Específicamente, la Regla 36.1, 32 LPRA Ap. V, R. 36.1, atiende la solicitud de este tipo de disposición a favor de la parte reclamante en un pleito, mientras que la Regla 36.2, 32 LPRA Ap. V, R. 36.2, permite su petición a favor de la parte contra la que se reclama. En ambas reglas se establece lo siguiente:

> **Regla 36.1. A favor de la parte reclamante**
>
> Una parte que solicite un remedio podrá presentar, ..., una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación solicitada.
>
> **Regla 36.2. A favor de la parte contra quien se reclama**
>
> Una parte contra la cual se haya formulado una reclamación podrá presentar, ..., una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación.

Entretanto, la Regla 36.3, 32 LPRA Ap. V, R. 36.3, dispone los requisitos de contenido de la moción de sentencia sumaria y de la contestación a esta, entre otras particularidades del procedimiento. Estos requisitos, como los párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, no son un mero formalismo, ni constituye un simple

requisito mecánico sin sentido. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434 (2013).

En un primer plano, mediante el uso del mecanismo discrecional de la sentencia sumaria, se aligera la tramitación de un caso, puesto que, ante la ausencia de controversia de hechos, al tribunal solo le corresponde aplicar el derecho. *Oriental Bank v. Perapi et al.,* 192 DPR 7, 25 (2014). Así, sirve para propiciar la solución justa, rápida y económica de los litigios civiles que no presentan controversias genuinas de hechos materiales y que, por lo tanto, no requieren la celebración de un juicio en su fondo, ya que lo único que resta es dirimir una o varias controversias de derecho. *Íd.*

Este tipo de resolución procede en aquellos casos en los que no existen controversias **reales y sustanciales** en cuanto a los **hechos materiales y, por lo tanto, lo único que resta es aplicar el derecho**. *Consejo Tit. V. Rocca Dev. Corp.*, et als., 215 DPR ___, 2025 TSPR 6 (2025); *Meléndez González et al. V. M. Cuebas*, 193 DPR 100, 109 (2015). La precitada Regla 36 de las de Procedimiento Civil, *supra*, dispone, en esencia, que para permitir este tipo de adjudicación resulta necesario que, de las alegaciones, deposiciones, contestaciones a interrogatorios, admisiones, declaraciones juradas y cualquier otra evidencia surja que no existe controversia real y sustancial respecto a ningún hecho esencial y pertinente; y en adición, que se deba dictar sentencia sumaria como cuestión de derecho. *Consejo Tit. V. Rocca Dev. Corp., et als.,* supra; *Meléndez González et al. V. M. Cuebas,* supra, a la pág. 109. En este sentido, solo procede dictarla cuando surge de manera clara que, ante los hechos materiales no controvertidos, el promovido no puede prevalecer ante el derecho aplicable y que el tribunal cuenta con la verdad de todos los hechos necesarios para resolver la controversia. *Meléndez González et al. V. M. Cuebas*, supra, a las págs. 109-110.

Es decir, por un lado, al promovente de la moción le toca establecer su derecho con claridad y demostrar que no existe controversia en cuanto a ningún hecho material, o sea ningún componente de la causa de acción. *Íd.*, a la pág. 110. Por el otro, al oponente le corresponde establecer que existe una controversia que sea real en cuanto a algún hecho material y, en ese sentido, no cualquier duda es suficiente para derrotar la solicitud de sentencia sumaria. *Íd.* Cabe recordar que, en este contexto, un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. *Íd.* Mas específicamente, el oponente debe controvertir la prueba presentada y no debe cruzarse de brazos; pues de lo contrario, se expone a que se acoja la solicitud de sentencia sumaria y se le dicte en contra. *Ramos Pérez v. Univisión,* 178 DPR 200, 214-215 (2010). Esto significa que está obligado a contestar de forma detallada y específica aquellos hechos pertinentes que demuestran la existencia de una controversia real y sustancial que requiere dilucidarse en un juicio. *Íd.*, a la pág. 215. En este ejercicio, debe presentar declaraciones juradas o documentos que pongan en controversia los hechos alegados por el promovente, recordando que tampoco puede descansar en meras alegaciones, sino que debe proveer evidencia sustancial de los hechos materiales en disputa. *Íd.*

No obstante, no oponerse a la solicitud de sentencia sumaria no implica ni que procederá dictarla obligatoriamente, si existe una controversia legítima sobre un hecho material, ni que corresponderá dictarla a favor de su proponente si no procede en derecho. *Íd.*

Ahora bien, se han establecido ciertas reglas limitantes de la discreción en el uso de la moción de sentencia sumaria. Por un lado, la determinación en cuanto a esta debe guiarse por un principio de liberalidad a favor de la parte que se opone, lo cual persigue evitar la privación del derecho de todo litigante a su día en corte cuando

existen controversias de hechos legítimas y sustanciales que deben ser resueltas. *Íd.*, a las págs. 216-217. Por el otro, como norma general, los tribunales están impedidos de dictar sentencia sumaria en cuatro instancias: (1) cuando existan hechos materiales y esenciales controvertidos; (2) cuando hay alegaciones afirmativas en la demanda que no han sido refutadas; (3) cuando de los propios documentos que acompañan la moción surge que existe una controversia sobre algún hecho material y esencial; o (4) cuando como cuestión de derecho no procede. *Oriental Bank v. Perapi,* supra, a las págs. 26-27. Dicho esto, cabe indicar que la moción de sentencia sumaria no está excluida en ningún tipo de pleito, puesto que, sin importar cuán complejo sea un pleito, puede dictarse si de una moción de sentencia sumaria bien fundamentada surge que no hay controversia sobre hechos materiales. *Meléndez González et al. V. M. Cuebas*, supra, a la pág. 112.

En lo relativo al ejercicio de la facultad revisora de este Tribunal de Apelaciones, sobre la procedencia de la sentencia sumaria, **debemos utilizar los mismos criterios que el Tribunal de Primera Instancia**. *Meléndez González et al. V. M. Cuebas*, supra, a la pág. 115. En *Meléndez González,* el Tribunal Supremo consignó el siguiente estándar:

> "Primero, reafirmamos lo que establecimos en *Vera v. Dr. Bravo, supra,* a saber: el Tribunal de Apelaciones se encuentra en la misma posición del Tribunal de Primera Instancia al momento de revisar Solicitudes de Sentencia Sumaria. En ese sentido, está regido por la Regla 36 de Procedimiento Civil, *supra,* y aplicará los mismos criterios que esa regla y la jurisprudencia le exigen al foro primario. Obviamente, el foro apelativo intermedio estará limitado en cuanto a que no puede tomar en consideración evidencia que las partes no presentaron ante el Tribunal de Primera Instancia **y tampoco adjudicar los hechos materiales en controversia, ya que ello le compete al foro primario luego de celebrado un juicio en su fondo**. La revisión del Tribunal de Apelaciones es de *novo* y debe examinar el expediente de la manera más favorable hacia la parte que se opuso a la Moción de Sentencia Sumaria en el foro primario, llevando a cabo todas las inferencias permisibles a su favor.

> Segundo, por estar en la misma posición que el foro primario, el Tribunal de Apelaciones debe revisar que tanto la Moción de Sentencia Sumaria como su Oposición **cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civi**l, supra, y discutidos en *SLG Zapata-Rivera v. J.F. Montalvo*, supra.
>
> Tercero, **en el caso de revisión de una Sentencia dictada sumariamente**, el Tribunal de Apelaciones **debe revisar si en realidad existen hechos materiales en controversia**. De haberlos, el foro apelativo intermedio tiene que cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil y debe exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos. Esta determinación se puede hacer en la Sentencia que disponga del caso y puede hacer referencia al listado numerado de hechos incontrovertidos que emitió el foro primario en su Sentencia.
>
> Cuarto y, por último, de encontrar que los hechos materiales realmente están incontrovertidos, el foro apelativo intermedio procederá entonces a revisar de *novo* si el Tribunal de Primera Instancia **aplicó correctamente el Derecho a la controversia**." (Énfasis nuestro). *Meléndez González et al. V. M. Cuebas*, supra, a las págs. 118-119.

Por último, esta norma ha sido reiterada año tras año por nuestro Tribunal Supremo, en donde ha establecido que los foros apelativos nos encontramos en la misma posición que los foros de primera instancia al evaluar la procedencia de una **sentencia sumaria**. *Soto y otros v. Sky Caterers*, 2025 TSPR 3, 215 DPR ___ (2025); *Cruz, López v. Casa Bella y otros*, 213 DPR 980, 993 (2024); *Birriel Colón v. Econo y otro*, 213 DPR 80, 91-92 (2023). Sin embargo, nuestra función se limita a: (1) considerar los documentos que se presentaron ante el foro de primera instancia; (2) determinar si existe alguna controversia genuina de hechos materiales y esenciales, y (3) comprobar si el derecho se aplicó de forma correcta. *Íd.* Cónsono a ello, también se ha establecido que los tribunales revisores estamos llamados a examinar el expediente *de novo* de la manera más favorable hacia la parte que se opone a la solicitud de sentencia sumaria en el foro primario y realizando todas las inferencias permisibles a su favor. *Soto y otros v. Sky Caterers,* supra; *Birriel Colón v. Econo y otro, supra,* a las págs. 91-92.

**III.**

En esencia, los apelantes señalaron que el TPI erró al resolver el caso sumariamente aun cuando American Petroleum incumplió con las formalidades impuestas por el ordenamiento jurídico para el perfeccionamiento del pedido, y al existir controversias materiales de hechos relativos a daños y elementos subjetivos de intención que impiden la resolución por la vía sumaria. Por estar relaciones los señalamientos entre sí, los discutiremos en conjunto.

De entrada destacamos que, en términos generales, las partes cumplieron con los requisitos procesales formales que detallan la Regla 36.3 de las Reglas de Procedimiento Civil, *supra.*

En lo relativo al ejercicio de nuestra facultad revisora, reiteramos que es *de novo* y debemos utilizar los mismos criterios que el Tribunal de Primera Instancia. Respecto al estándar de la Regla 36.1 de las Reglas de Procedimiento Civil, *supra,* precisamos que esta autoriza a los tribunales a dictar sentencia de forma sumaria si mediante declaraciones juradas u otro tipo de prueba se demuestra la <u>inexistencia de una controversia sustancial de hechos esenciales y pertinentes</u>. Como indicamos, de proceder este mecanismo discrecional se aligeraría la tramitación de un caso, pues el tribunal solo tendría que aplicar el derecho.

En los señalamientos de error advertimos que los apelantes ignoran por completo, en su discusión, que el Requerimiento de Admisiones enviado por American Petroleum, aun cuando fue recibido, no fue contestado en el término establecido en nuestro ordenamiento procesal civil por lo que el TPI, a petición de la parte apelada, **los dio por admitidos en la Orden del 27 de febrero de 2025**. En este punto, precisa enfatizar que el efecto de una admisión es que releva a la parte adversa de tener que presentar en el juicio prueba del hecho admitido J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* 2da ed., San Juan, Pubs. JTS, 2011, T. IV, pág. 1014.

Además, la Regla 33(b) de las de Procedimiento Civil, 32 LPRA Ap. V, R. 33(b), especifica que cualquier admisión hecha de conformidad con esta norma se considerará definitiva. Así que, mientras no se releve a la parte de la admisión o se permita su enmienda, la misma es definitiva e impide a la parte presentar prueba contraria al hecho admitido. *Rivera Prudencio v. Mun. de San Juan,* 170 DPR 149, 171-172 (2007); Cuevas Segarra, op. cit., págs. 1005-1006.

Por tanto, no existe controversia sustancial respecto a los hechos materiales incluidos en el Requerimiento de Admisiones, los que incluyen los siguientes:

- El 1 de marzo de 2024, en horas de la mañana, entre las 10:00 y 10:20, el señor Hernández Rodríguez se encontraba manejando el vehículo pesado de motor, tipo grúa de arrastre de plataforma marca International, Modelo 4000 S TK1, tablilla H79891, año 1998, serie 1 HTSDAAN1WH510772.
- El señor Hernández es el dueño registral del antes descrito vehículo de motor.
- En el día y hora mencionadas el señor Hernández Rodríguez abasteció de combustible diésel a la grúa en la Estación de Gasolina marca American, sita en el Barrio Campanillas, Carretera PR 865, Km. 0.2, en Toa Baja, Puerto Rico
- En el día, hora y lugar antes descritos, la grúa que el señor Hernández Rodríguez manejaba transportaba un automóvil trepado en la plataforma y arrastraba a la vez a otro automóvil que estaba enganchado a la grúa.
- Habiendo terminado de abastecer de combustible diésel a la grúa en la referida Estación de Gasolina marca American, cuando el señor Hernández Rodríguez inició la marcha, el segundo vehículo que se arrastraba con su grúa impactó la bomba de expendio de combustible diésel.
- La bomba de expendio de combustible de diésel, al ser impactada con el vehículo que arrastraba la grúa, fue arrancada de su base y la misma resultó totalmente destruida, irreparable e inservible.
- La bomba de expendio de combustible diésel resultó totalmente destruida, irreparable e inservible como consecuencia del accidente.
- La referida estación de gasolina donde ocurrió el relatado accidente, se personó una agente de la policía estatal de Puerto Rico.
- El policía Iván E. Soto Soto fue quien entrevistó al señor Hernández Rodríguez en el lugar del accidente.
- La grúa que el señor Hernández Rodríguez manejaba al momento de la ocurrencia del accidente en la estación de gasolina American no estaba asegurada con una póliza que cubriera los daños causados con ese vehículo pesado.

- El seguro compulsorio de la grúa con la ACAA no cubre los daños causados con la grúa.
- La grúa con la que se causó el accidente no tenía vigente un permiso de la Comisión de Servicio Público para operar como grúa en las vías públicas.
- American Petroleum le requirió extrajudicialmente al señor Hernández Rodríguez el pago de la bomba de expendio de gasolina objeto del accidente.
- American Petroleum reclamó extrajudicialmente el pago de los daños causados por el señor Hernández Rodríguez con la grúa que se estiman en una cantidad no menor de $13,925, que incluye el costo de la bomba de expendio de combustible, instalación de una bomba sustituta, materiales y la mano de obra.

Así, pues, conforme con los hechos admitidos previamente transcritos, resulta improcedente argumentar la existencia de hechos materiales que impiden resolver el caso por la vía sumaria. Advertimos, que en el caso *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, 144 DPR 563, 573 (1997), el más alto foro judicial dictaminó que la Regla 33 de las de Procedimiento Civil sobre requerimiento de admisiones puede utilizarse como fundamento para la presentación de una moción de sentencia sumaria y; por consiguiente, puede darse por admitida sumariamente la negligencia imputada, a base del requerimiento que fue enviado y no contestado. Cuevas Segarra, op. cit., pág. 1060.

En ese sentido, actuó correctamente el TPI al declarar que el señor Hernández Rodríguez incurrió en negligencia al haber impactado la estación de bomba de diésel con el vehículo que arrastraba la grúa. Provocando, como consecuencia directa del acto, que la bomba resultara inservible. Esto, basado primariamente en haberse admitido la negligencia que fuera imputada en el Requerimiento de Admisiones enviado y no contestado. Tampoco obviemos que, en el Informe de Choque de Tránsito, el Agente Iván E. Soto Soto, quien entrevistó al señor Hernández Rodríguez, en lugar del accidente, escribió que "[m]ientras que el conductor del vehículo #1 inicia la marcha dentro de las facilidades del garaje American Gasolin [*sic*] Inc., no tom[ó] en consideración el ancho y

alto de su vehículo dando a lugar que por tal motivo impacta con la parte posterior de su vehículo la bomba n[ú]mero 15/16 de dicho lugar."[5] Por tanto, carecen de validez jurídica los planteamientos esbozados por los apelantes intentando crear una controversia sobre la negligencia.

Asimismo, la más alta *Curia* en *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, supra, incorporó la misma norma pautada en los casos tramitados en rebeldía para aquellos pleitos en que una parte solicita que se dicte sentencia sumaria a base de admisiones tácitas obtenidas mediante requerimientos de admisiones. *Íd.*, a las págs. 577-578. Esto, en el sentido de que, los tribunales tienen la obligación de celebrar una vista en la que se exija evidencia para determinar el importe de los daños o comprobar la veracidad de cualquier aseveración. *Íd.*

No obstante, el Tribunal Supremo aclaró en dicho caso que, ante admisiones tácitas de unos hechos sobre alegados daños, estos por su naturaleza, deberían estar avalados por documentos que se pueden haberse incluido con la moción de sentencia sumaria. *Íd.*, a las págs. 579-580.

En el caso que nos ocupa, American Petroleum apoyó los daños económicos[6] reclamados por $13,925[7] en documentos -tales como fotografías[8], cotización[9] y factura[10]- que se incluyeron en la moción de sentencia sumaria y como señala esta parte, en su oposición al recurso, los mismos fueron entregados a los apelantes.

---

[5] Véase, el *Alegato en Oposición a Apelación*, a la pág. 30 (reverso). Es importante señalar que los apelantes solo incluyeron el anverso de esta página en el Apéndice del Recurso.

[6] Señalamos que en la demanda no se reclamaron daños por angustias mentales los que son altamente subjetivos y su valoración depende en gran medida del factor credibilidad. Para ello, se requeriría una vista para su adjudicación. *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, supra, pág. 580.

[7] Enfatizamos que esta cuantía es la misma que se solicitó en la demanda.

[8] *Íd.*, a las págs. 32-34.

[9] *Íd.*, a la pág. 37. Esta cotización por $10,925 describe que el trabajo consiste en remover el *dispenser* afectado e instalación de uno nuevo (Legacy 2). Detalla, además, que el importe del equipo es $8,950 y la labor por $1,975.

[10] *Íd.*, a la pág. 38. Esta factura establece que el precio de la labor de conexión eléctrica y la configuración del "surtidor diésel" para la estación es $3,000.

Además, no cabe duda de que estos documentos demuestran fehacientemente que la bomba fue destruida y resultó inservible, así como el costo de instalar y configurar una nueva. Más aún, se hace importante destacar que los apelantes fallaron en refutar adecuadamente la cuantía de los daños según establecida en los referidos documentos.

En fin, el foro apelado no incurrió en abuso de discreción en su proceder y actuó acorde a la normativa referente a la resolución de los casos de manera sumaria. Por lo que, los errores imputados no fueron cometidos.

**IV.**

Por los fundamentos antes expuestos, confirmamos la *Sentencia* apelada.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones